# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 16, 2014

## STATE OF TENNESSEE v. OREN RAY JOHNSON

**Appeal from the Circuit Court for Marshall County**
**No. 2014-CR-115    Forest Durard, Judge**

---

**No. M2014-00908-CCA-R3-CD - Filed December 18, 2014**

---

The Defendant, Oren Ray Johnson, pleaded guilty to simple assault, and the trial court ordered a probationary sentence of eleven months and twenty-nine days. Thereafter, the Defendant was arrested for aggravated domestic assault, an offense to which he pleaded guilty. The trial court issued a probation violation warrant and, after a hearing, revoked the Defendant's probation sentence. On appeal, the Defendant contends that the trial court improperly ordered him to serve the remainder of his sentence in confinement for violating the terms of his probation. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Oren Ray Johnson.

Herbert H. Slatery, III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

This case arises from the Defendant's arrest while serving a probation sentence. On December 18, 2013, the Defendant originally pleaded guilty to simple assault as a lesser-included offense of domestic assault. The trial court ordered a probationary sentence of

eleven months and twenty-nine days. The conditions of the Defendant's probation sentence required him to pay court costs, attend an anger management program, undergo a Drug and Alcohol assessment, and follow the recommendations of the assessment.

On April 7, 2014, the Defendant was arrested for aggravated domestic assault. A Violation of Probation affidavit was issued on April 9, 2014, alleging violations based upon the Defendant's April 7, 2014 arrest, a failure to pay court costs, his failure to complete an anger management program and undergo an Alcohol and Drug Assessment, and engaging in "assaultive, abusive, threatening, or intimidating behavior." On April 15, 2014, the Defendant pleaded guilty to the reduced charge of simple assault, and the trial court sentenced him to serve two days in jail with credit for the time he had already served.

On April 23, 2014, the trial court held a hearing on the alleged violation. At the hearing, the Defendant waived his right to a hearing on the allegations and entered a guilty plea to the violation, reserving sentencing for the trial court. After entering his plea of guilt, the Defendant explained to the trial court that in January of 2014, he underwent a shoulder surgery and then a back surgery. Following the surgeries, his doctor prescribed oxycodone, Percocet, and Lortab. He described the effect of the medication as causing him to "pretty much not know[ ] where [he] was at half of the time." He explained that he also had a "megio brain tumor" for which he had been undergoing radiation. When he informed his physician overseeing his treatment for the tumor of the prescribed pain medications, the physician told him to discontinue Tegretol, a prescribed seizure medication he had been taking. Concerning the April arrest, he stated, "I don't remember what happened."

The Defendant asked the trial court to allow him to go to a "facility" to find out "where [he] went wrong." The Defendant said that, before his surgeries, he had owned an electronics business, worked at Borg Warner Automotive for thirty-one years, and was a front-line supervisor for sixteen years. To the trial court he stated, "I am not a violent person. I have raised a family. I intend on raising a blended family and being a productive citizen in this community; be an asset, not a liability."

On cross-examination, the Defendant agreed that he had told Wanda Griffin, the victim of the assault and his fiancé, that "because she was a confidential informant with the drug task force that she ought to be able to get [him] out of this[.]" The Defendant agreed that he was convicted in 2009 of possession of cocaine. The Defendant stated that he was aware of the conditions of probation. He explained that when his probation officer attempted to schedule the required courses and assessment, he told her he had an upcoming back surgery. The Defendant failed to report to his probation officer in January but stated that he left his probation officer "numerous messages" to notify her that he was unable to drive due to the back procedure. The probation officer was finally able to make contact with the

2

Defendant during a home visit at the end of February. The Defendant agreed that he was arrested on April 8, 2014, for grabbing Ms. Griffin by the throat, but he reiterated that he did not remember the incident due to the prescribed medication. When asked why he did not tell the trial court about his diminished capacity when he pleaded guilty on April 15, 2014, the Defendant replied, "The Public Defender told me to sign some papers. She said it would go away. That wasn't the case." The Defendant agreed that it was "[his] choice" to enter the plea.

After hearing the evidence, the trial court noted that the Defendant was serving a probation sentence for assault when he committed yet another assault. It noted the facts of the case involved strangulation and that the Defendant agreed in open court that he had violated the terms of his probation. The trial court then revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that "the sentence imposed was not that which was deserved for the committed infraction of the rules of probation." He posits that the trial court "should have imposed a split confinement followed by mandatory batterer's intervention or anger management." He further asserts that the trial court should have also considered an alcohol and drug assessment due to the Defendant's testimony about the prescription medication he had been taking. The State responds that the trial court acted within its authority and soundly exercised its discretion. We agree with the State.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310 (2014), which provides that the trial court possesses the power "at any time within the maximum time which was directed and ordered by the court for such suspension, . . . to revoke . . . such suspension" and cause the original judgment to be put into effect. A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2014). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2014); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The judgment of the trial court in a revocation proceeding will not be disturbed on

3

appeal unless there has been an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In order for this Court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554. Further, a finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

In the present case, the Defendant admitted he had violated his probation sentence and waived his right to challenge the allegations at a hearing. The Defendant's admission as well as the record provided substantial evidence to support the trial court's revocation of probation. After the trial court accepted the Defendant's guilty plea to violating his probation sentence, it retained discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to order the Defendant to serve his sentence in incarceration.

The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *State v. Hunter*, 1 S.W. 3d 643, 647 (Tenn. 1999). Case law establishes that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing. *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999).

The record clearly reflects that the Defendant violated the terms of his probation by being convicted of assault, failing to pay court costs, failing to attend the anger management program, and failing to take the Drug and Alcohol assessment. Accordingly, the trial court was justified in revoking the Defendant's probation. Further, it was within the trial court's authority to order the Defendant to serve his original sentence upon revoking the Defendant's probation. We conclude that the trial court did not err when it ordered the Defendant to serve the balance of his sentence in jail. The Defendant is not entitled to relief.

## III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4